UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN POWELL, | : | CIVIL NO. **4:05-CV-0955** |
| | : | |
| Plaintiff | : | (Judge McClure) |
| | : | |
| v. | : | (Magistrate Judge Smyser) |
| | : | |
| JEFFREY BEARD;  | : | |
| FRANKLIN J. TENNIS; | : | |
| MARGARET MILLER; and | : | |
| MARY JO HAYS, | : | |
| | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

The plaintiff, a state prisoner, filed a 42 U.S.C. § 1983 complaint on May 10, 2005. He has named as defendants Jeffrey Beard, the Secretary of Corrections for the Commonwealth of Pennsylvania, Franklin J. Tennis, the Superintendent of the state Correctional Institution at Rockview, and Margaret Miller and Mary Jo Hays, a registered nurse and another employee of the medical department at SCI Rockview.

The four defendants filed a motion to dismiss the complaint on August 4, 2005 and a brief in support of the

motion to dismiss on August 12, 2005.  A brief in opposition to the motion to dismiss the complaint was filed by the plaintiff on October 7, 2005.  (Additional time had been granted to the plaintiff by Order of September 23, 2005.)  No reply brief has been filed.

The basis upon which the defendants assert that the complaint should be dismissed is that the complaint does not sufficiently allege the personal involvement of the defendants in the occurrences that are the subject matter of the complaint.

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of the plaintiff's complaint; the court must decide whether, even if the plaintiff were able to prove all of his allegations, he would be unable to prevail. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).  In a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the burden is on the moving party to show that there is no actionable claim.  *Johnsrud v. Carter*, 620 F.2d 29, 33 (3d

2

Case 4:05-cv-00955-JFM   Document 31   Filed 11/21/05   Page 3 of 7

Cir. 1980).  When deciding a motion to dismiss, the court must accept all material allegations of the complaint as true and draw all inferences in the light most favorable to the plaintiff.  *Pennsylvania House, Inc. v. Barrett*, 760 F. Supp. 439, 449 (M.D. Pa. 1991).  However, "conclusory allegations of law, unsupported conclusions and unwarranted inferences need not be accepted as true." *Id*. at 449-50.  A complaint should not be dismissed for failure to state a claim upon which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 44-46 (1957); *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3d Cir. 1988).

"Liability may not be imposed under § 1983 on the principle of *respondeat superior*." *Hetzel v. Swartz*, 909 F.Supp. 261, 264 (M.D. Pa. 1995).  Liability under 42 U.S.C. § 1983 may only be based upon a defendant's personal involvement in conduct amounting to a constitutional violation.  *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1082 (3d Cir. 1976).  The complaint must contain

3

averments of the involvement of the defendants in the conduct which caused a violation of the plaintiff's constitutional rights. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). A 42 U.S.C. §1983 action against state supervisory officials requires allegations that the defendants actually participated in or had actual knowledge of and acquiesced in the events forming the basis of the claims. *Egan v. Concini*, 585 F. Supp. 801, 804 (M.D. Pa. 1984).

The plaintiff alleges that he was denied needed medical care and that the reason for the denial to him of needed medical care was that he had brought a civil action complaint in state court against a member of the institution's medical department, an associate of defendants Miller and Hays.

The *pro se* complaint is reasonably construed as stating claims that the plaintiff's First Amendment right of access to the courts was violated in that state prison officers and employees withheld amenities or necessities from him in retaliation against him for having pursued litigation against prison personnel in courts and that the plaintiff's Eighth

4

Amendment right to be free from cruel and unusual punishment was violated in that prison personnel were deliberately indifferent to serious medical needs.

The defendants contend that the complaint should be dismissed because it does not state with adequate detail the personal involvement of each defendant in the violation of the plaintiff's right of access to the courts or right to have a serious medical condition afforded a level of care greater than deliberate indifference.

The complaint does clearly state that the claims as to defendants Beard and Tennis is based upon their supervisory roles and Tennis' role in the grievance process.  Although *respondeat superior*, or in other words the defendant's supervisory relationship to the alleged perpetrator of the constitutional tort, is generally not a basis for stating a cause of action under 42 U.S.C. § 1983, the relief sought in this complaint is *inter alia* injunctive equitable relief against defendants Beard and Tennis as to the plaintiff's future medical treatment.  The defendants have not addressed

the issue of the prayer for injunctive relief in their motion to dismiss or the issue whether the presence of defendant Beard or defendant Tennis as a defendant would be necessary to assure the accomplishment of the injunctive mandate if the court were to grant the requested injunctive relief.  It will be recommended that the motion to dismiss the complaint be denied as to defendants Beard and Tennis for the reason that the injunctive relief sought by the plaintiff may give rise to a potential personal involvement of these defendants in affording the future medical care for the plaintiff to which he contends that he is entitled.

The personal involvement of defendants Miller and Hays in the events that are the subject of the plaintiff's averments in the complaint is adequately stated in the complaint.  The complaint avers that on January 31, 2005 defendant Miller, a prison nurse,  forced the plaintiff to take the wrong medicine causing health problems for the plaintiff, that defendant Miller then would not let the plaintiff see the prison doctor, and that the motivation for defendant Miller to act as she did was to retaliate against

6

the plaintiff in that the plaintiff had sued Nurse Myers, a friend of defendant Miller.  The complaint also alleges that defendant Hays, also a prison nurse, also refused to let the plaintiff see a prison doctor, also for the same retaliatory reason.  Construing these allegations in the complaint in the light most favorable to the plaintiff, the complaint clearly states claims upon which relief can be granted and does not fail to provide an adequate statement of the factual basis for the claims stated therein.

It is recommended that the defendants' motion to dismiss the complaint be denied.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:   November 21, 2005.