IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN POWELL, : | |
| : | No. 4:05-CV-0955 |
| Plaintiff, : | |
| : | (Judge McClure) |
| v. : | |
| : | (Magistrate Judge Smyser) |
| JEFFREY BEARD; : | |
| FRANKLIN J. TENNIS; : | |
| MARGARET MILLER; and : | |
| MARY JO HAYS, : | |
| : | |
| Defendants. : | |

**O R D E R**

December 13, 2005

BACKGROUND:

Kevin Powell, a state prisoner currently incarcerated at SCI-Rockview, filed this 42 U.S.C. § 1983 action pro se on May 10, 2005.  He named as defendants Jeffrey Beard, Secretary of Corrections for the Commonwealth of Pennsylvania, Franklin J. Tennis, the Superintendent of SCI-Rockview, Margaret Miller, R.N., a registered nurse at SCI-Rockview, and Mary Jo Hays, another medical staff member at the prison.  Powell alleges that he was denied necessary medical care in retaliation for instituting a civil action against one Nurse Myers, a member of the prison medical department and associate of defendants Miller and Hays.

The case was initially referred to United States Magistrate Judge J. Andrew

Smyser.  The defendants filed a motion to dismiss on August 4, 2005, and a brief in support of that motion on August 10, 2005.  After the court granted an extension of time, Powell filed his brief in opposition to the motion to dismiss on October 7, 2005.  The defendants did not file a reply brief.

Currently before this court is the Report and Recommendation of Magistrate Judge Smyser, dated November 21, 2005.  Magistrate Judge Smyser concludes his seven-page Report with the recommendation that the defendants' motion to dismiss the complaint be denied.  No objections were filed[1].  For the reasons that follow, we will adopt in part the Report and Recommendation of Magistrate Judge Smyser.  The motion to dismiss the complaint will be denied, except that the damage claims against defendants Beard and Tennis will be dismissed.

DISCUSSION:

A district court reviews de novo those portions of a magistrate judge's

---

[1] We note that the defendants filed a pleading captioned "DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS; DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT."  (Rec. Doc. No. 33.)  This document was filed nine days after the magistrate judge issued his Report and Recommendation, and purports to "answer the Amended Complaint" in this case.  Powell has never amended his complaint.  Nor were the defendants obligated to file an answer until this court took action based on the Report and Recommendation of the magistrate judge.  Nevertheless, in light of the action we are taking today, the clerk will be directed to docket this pleading as the defendants' answer to the complaint.

report and recommendation to which a party objects. L.R. 72.3. The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. As no objections were filed here, we satisfy ourselves with a brief overview of the report.

All defendants moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6), arguing that the complaint failed to sufficiently allege the personal involvement of all defendants in the claimed violative conduct. The magistrate judge correctly elucidated and applied the Rule 12(b)(6) standard. The report notes that liability under 42 U.S.C. § 1983 may not be premised on the traditional standards of respondeat superior, Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1082 (3d Cir. 1976), but that defendants Beard and Tennis should nevertheless be retained as parties to this case because the plaintiff has requested injunctive equitable relief regarding his future medical treatment. (Rec. Doc. No. 31-1, at 5-6.)

We agree with the magistrate judge that because the injunctive relief sought by the plaintiff may require the personal involvement of these defendants in affording the plaintiff's future medical care, the motion to dismiss will be denied as to defendants Beard and Tennis insofar as the plaintiff requests injunctive relief. However, Powell's claim for damages against defendants Beard and Tennis will be

dismissed because Powell has not alleged personal involvement on the part of these defendants in the allegedly violative conduct. The Third Circuit has ruled that "'a defendant in a civil rights action must have personal involvement in the alleged wrongs' to be liable." Sutton v. Rasheed, 323 F.3d 236, 249 (3d Cir. 2003) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)). Powell has not alleged that either Beard or Tennis was personally involved in the administration of an incorrect prescription drug or the denial of medical care. Because it is "well-established that there is no respondeat superior liability in § 1983 actions," Martin v. Red Lion Police Dept., 146 F. App'x 558, (3d Cir. 2005) (citing Rode, 845 F.2d at 1207), Powell's damage claims against defendants Beard and Tennis will be dismissed.

We also agree with the magistrate judge that the personal involvement of defendants Miller and Hays in the events giving rise to this lawsuit is sufficiently alleged. The complaint avers that defendant Miller forced plaintiff to take the wrong medicine, thereby causing him health complications.[2] It is further alleged

---

[2] It is troubling to the court that Powell does not describe his claimed "serious medical problems," except to state that he was "repeatedly given someone else's seizure medication for well over a month and the [sic] denied a doctor." (Rec. Doc. No. 28, at 4.) However, as we liberally construe these pro se filings, we expect that more details will emerge in the discovery process.

that defendants Miller and Hays forbade the plaintiff from seeing the prison doctor in retaliation for his filing of a civil action against Nurse Myers, a friend of the defendants.

      Construing these allegations in the light most favorable to the plaintiff, the magistrate judge correctly concluded that the complaint states claims upon which relief can be granted.  The defendants incorrectly argue that "[a] civil rights complaint must state time, place, and responsible persons" to survive dismissal.  (Rec. Doc. No. 22, at 8) (citing Rode, 845 F.2d at 1207).  In fact, the Supreme Court recently held that courts may not require greater particularity in pleading than the Federal Rules of Civil Procedure require.  Swierkiewicz v. Sorema, 534 U.S. 506 (2002).  Fed. R. Civ. P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Such a statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Id. (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  This simplified pleading standard applies to all civil actions, with limited exceptions, none of which applies here.  The motion to dismiss will be denied as to defendants Miller and Hays.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. United States Magistrate Judge J. Andrew Smyser's Report and Recommendation is adopted in part. (Rec. Doc. No. 31-1.)

2. The defendants' motion to dismiss is denied, except with respect to the damage claims against defendants Beard and Tennis, which are dismissed. (Rec. Doc. No. 21.)

3. The clerk is directed to docket the pleading captioned "DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS; DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT." (Rec. Doc. No. 33), as an answer to the complaint (Rec. Doc. No. 1).

4. The case is referred back to the magistrate judge for further proceedings.

                                                        s/ James F. McClure, Jr.
                                                        James F. McClure, Jr.
                                                        United States District Judge